UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Anthony Lafauci, | : |
| Petitioner, | : |
| | : |
| v. | : |
| | : Case No. 3:04cv132 (JBA) |
| New England Interstate | : PRISONER |
| Corrections Compact, | : |
| Commissioner Theresa A. Lantz, | : |
| and Major Lynn Milling, | : |
| Respondents. | : |

RULING ON MOTIONS TO DISMISS [DOCS. ## 14, 23] AND
FOR MISCELLANEOUS RELIEF [DOCS. ## 12, 18-20, 25]

Petitioner Anthony Lafauci filed his Amended Application for
Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. # 5]
challenging Connecticut prison officials' refusal to lower his
classification level to enable him to participate in a sex
offender program.  Respondents have filed a Motion to Dismiss on
the ground that the petitioner failed to exhaust available state
court remedies [Doc. # 14], as well as an Amended Motion to
Dismiss [Doc. # 23] on the ground that the relief sought in
Lafauci's Amended Application is now moot.  For the reasons that
follow, the Amended Motion to Dismiss is granted and the Motion
to Dismiss denied as moot.  Petitioner's pending motions for
miscellaneous relief [Docs. ## 12, 18-20, 25] are also
accordingly denied as moot.

I.   Factual Background

For the purposes of deciding this motion, the Court assumes

1

that the following allegations, taken from the Amended
Application and exhibits to respondents' motions to dismiss, are
true.  In 1995, in Rockingham Superior Court in New Hampshire,
petitioner was convicted of several counts of sexual assault and
was sentenced to three 3½-7 year terms of imprisonment.  As part
of his sentences, it was also ordered that petitioner would be
required to complete a sexual offender program prior to being
considered for parole.

In August 2000, the New Hampshire Department of Corrections
transferred petitioner pursuant to the Interstate Corrections
Compact to the State of Connecticut Department of Corrections to
serve the remainder of his sentence.  Connecticut prison
officials refused to lower petitioner's classification level to
enable him to participate in a sex offender program, a
prerequisite to his obtaining parole.  On January 9, 2002, the
New Hampshire Parole Board denied petitioner's request to be
voted to parole because he had not completed the program.
Officials from the New Hampshire Department of Corrections also
refused to return the petitioner to a prison facility in New
Hampshire where he could complete such a program.

On June 28, 2005, petitioner clarified the relief requested
(see [Doc. # 10]): he seeks injunctive relief in the form of an
order transferring him back to the New Hampshire Department of
Corrections, an order that prison officials hold a hearing to

2

determine whether the conditions of confinement in Connecticut
are the same as the conditions that petitioner would experience
if he were incarcerated in New Hampshire, and an order directing
the warden at Osborn Correctional Institution in Somers,
Connecticut, to permit the petitioner to visit the law library
every day (id. at 6, Prayer for Relief).

## II.  Standard

There must be an actual case or controversy pursuant to
Article III of the United States Constitution in order for a
court to exercise subject matter jurisdiction.  See Vermont Right
to Life Comm., Inc. v. Sorrell, 221 F.3d 376, 381-82 (2d Cir.
2000).  Under Rule 12(b)(1), the Court must determine whether it
has jurisdiction over the subject matter of petitioner's Amended
Application.  The party asserting jurisdiction bears the burden
of establishing that the Court has subject matter jurisdiction.
See Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635,
638 (2d Cir. 2005).  When considering a Rule 12(b)(1) motion to
dismiss for lack of subject matter jurisdiction, the court
"accept[s] as true all material factual allegations in the
complaint."  Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129,
131 (2d Cir. 1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236
(1974)).  In reviewing such a motion, the court "may resolve the
disputed jurisdictional fact issues by reference to evidence
outside the pleadings, such as affidavits."  Zappia Middle East

Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d
Cir. 2000).

**III. Discussion**

At the time he filed his Amended Application for Writ of
Habeas Corpus, Mr. Lafauci was incarcerated at the Cheshire
Correctional Institution in Cheshire, Connecticut.  He is now
incarcerated in the New Hampshire Department of Corrections (see
Deveau Aff. [Doc. # 23-2] ¶ 3).  Moreover, Lafauci has provided
evidence that he was eligible to participate in a sex offender
program in late November 2004, when Connecticut and New Hampshire
prison officials agreed to lower the petitioner's classification
level and transferred him to Osborn Correctional Institution in
Somers, Connecticut.  He began a sex offender program at Osborn
in January 2005 and completed Track I of the Program in December
2005 (see Doc. # 16 at 14, 21).

The Second Circuit has held that an inmate's request for
injunctive relief against correctional staff or conditions of
confinement at a particular correctional institution becomes moot
when the inmate is discharged or transferred to a different
correctional institution.  See Mawhinney v. Henderson, 542 F.2d
1, 2 (2d Cir. 1976).  See also Martin-Trigona v. Shiff, 702 F.2d
380, 386 (2d Cir. 1983) ("The hallmark of a moot case or
controversy is that the relief sought can no longer be given or
is no longer needed").  Because Mr. Lafauci has been permanently

removed from the State of Connecticut Department of Corrections and returned to his home jurisdiction in a New Hampshire Department of Corrections facility, his requests for transfer to New Hampshire and concerning the conditions of his confinement at Connecticut Department of Corrections facilities are moot and the court lacks subject matter jurisdiction over this action because no case or controversy is present.  See Mawhinney, 542 F.2d at 2 ("In order for a federal court to exercise its judicial power, an actual case or controversy must exist at each stage of review and not only at the time the complaint is filed.") (citing Steffel v. Thompson, 415 U.S. 452, 459 n. 10 (1974)).

Accordingly, respondents' Amended Motion to Dismiss [Doc. #23] is GRANTED, respondents' initial Motion to Dismiss [Doc. # 14] is DENIED as moot, and the Amended Application for Writ of Habeas Corpus [Doc. # 5] is DISMISSED as moot.  Petitioner's motions for relief [Docs. ## 12, 18-20] are also DENIED as moot. Petitioner's motion concerning his legal documents and other property [Doc. # 25] is also DENIED as moot in light of the attestation of Lynn Milling, the Interstate Compact Supervisor for the Connecticut Department of Corrections, that "all of [Mr. Lafauci's] property and funds in his inmate account were sent to New Hampshire State Prison" and that "no money was deducted for any costs related to sending his property back to New Hampshire" (see Milling Aff. [Doc. # 26] ¶ 3).

Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See <u>Lucidore v. N.Y. State Div. of Parole</u>, 209 F.2d 107, 112 (2d Cir. 2000) (holding that a substantial showing exists where "the issues involved in [the] case are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further") (internal quotation omitted).  The Clerk is directed to enter judgment for respondents and close this case.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 18th day of December, 2006.**